UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID MOLESKI,

    Petitioner,

v.                                        Case No. 4:18cv263-MW-CJK

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is David Moleski's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  (Docs. 1, 2).  The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After reviewing the petition, the undersigned concludes the petitioner is not entitled to relief under § 2241 and the petition should be dismissed for lack of jurisdiction.

## BACKGROUND

Petitioner was charged in a 19-count superseding indictment in the United States District Court for the District of New Jersey.  *See United States v. Moleski*, No. 3:12cr00811-FLW-1, Doc. 19 (D.N.J.).  In 2014, petitioner was convicted of all 19 counts and sentenced to 54 months in prison, followed by 5 years of supervised release.  *Id.*, Doc. 121; *see also United States v. Moleski*, 641 F. App'x 172, 175 (3d

Cir. 2016).  Petitioner currently resides at a residential reentry center in Tallahassee, Florida.

This is petitioner's third attempt to seek habeas relief under 28 U.S.C. § 2241 in the Northern District of Florida.  In May 2016, Moleski filed a petition asserting the New Jersey District Court lacked jurisdiction to preside over his criminal case because 18 U.S.C. § 3231 was never validly passed into law.  *See Moleski v. United States*, No. 3:16cv207-LC-CAS, Docs. 1, 6 (N.D. Fla.).  Petitioner requested that the court "[d]eclare Petitioner actually innocent as a matter of law; Order of immediate release; Compensate Petitioner $3500.00/day for each day from the illegal indictment until the day of Petitioner's release." *Id.*, Doc. 6, p. 6.  Magistrate Judge Stampelos recommended that the petition be denied because (1) "Moleski challenges not how his sentence is being executed, but rather that it is being executed at all, and thus his claim does not appear appropriate for disposition under § 2241"; and (2) the claim concerning the validity of 18 U.S.C. § 3231 was without merit and had been rejected by the New Jersey District Court and the United States Court of Appeals for the Third Circuit.  *Id.*, Doc. 8, p. 5-6.  District Judge Collier adopted the Magistrate Judge's recommendation over Moleski's objections.  *Id.*, Doc. 11.

Moleski then filed a "Second Petition Pursuant to Section § 2241 and Initial Application for Writs in the Nature of Quo Warranto and Habeas Corpus." *Moleski v. United States*, No. 3:16cv425-MCR-CJK, Doc. 1 (N.D. Fla.).  That document

Case No. 3:16cv425-MCR-CJK

demanded that Judge Collier, Judge Stampelos, former Attorney General Lynch, and Clerk of Court Lyublanovits "demonstrate by what authorities (if any) they claim to preside" in the Northern District of Florida. *Id.*, Doc. 1, p. 7, 9. Petitioner asserted that a "[f]ailure to prove their full and complete authority upon demand require[d] dismissal of the related case and a declaration of actual innocence." *Id.*, Doc. 1, p. 2; *see also id.*, Doc. 1, p. 10 ("Should the documents not be produced by all parties within 10 days from the date herein, then the court must dismiss David Moleski's criminal case with prejudice and declare him actually innocent pursuant to 28 USC 2241, et seq."). Petitioner also indicated he was challenging the constitutionality of 28 U.S.C. § 2072(b) and 18 U.S.C. § 3231. *Id.*, Doc. 1, p. 3, 9. On October 5, 2016, the petition was dismissed for lack of jurisdiction because Moleski had failed to demonstrate a § 2255 motion was inadequate to test the legality of his detention. *Id.*, Docs. 8, 11.

In the current petition, Moleski, undeterred by the proceedings described above, again asserts the New Jersey court lacked jurisdiction over his criminal case because Public Law 80-772, which included 18 U.S.C. § 3231, was enacted in violation of the Constitution. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). He also alleges: (1) the prosecutor concealed evidence which showed the court lacked jurisdiction; and (2)

defense counsel rendered ineffective assistance "by failing to investigate the case." (Doc. 2, p. 6).

## DISCUSSION

"Typically, collateral attacks on the validity of a federal sentence must be brought under [28 U.S.C.] § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005); *see also McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) ("Since 1948, Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for a writ of habeas corpus, *id.* § 2241, to collaterally attack the legality of his sentence."). "A motion to vacate allows a prisoner to contest his sentence 'upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" *McCarthan*, 851 F.3d at 1081 (*quoting* 28 U.S.C. § 2255(a)). The "saving clause" of § 2255 permits a federal prisoner to file a habeas petition under 28 U.S.C. § 2241 if he establishes the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see also McCarthan*, 851 F.3d at 1081.

In *McCarthan*, the Eleventh Circuit overruled prior circuit precedent and established a new test for determining when a prisoner can proceed under § 2241.

851 F.3d at 1082. The court held: "A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *Id.* at 1099. The new *McCarthan* test has been summarized as follows:

> [W]e determined [in *McCarthan*] that the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion. If so, the § 2255 remedy is adequate and effective, even if the specific claim would have been foreclosed by circuit precedent or otherwise subject to some procedural bar or time limitation. A § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention under the saving clause only in limited circumstances. Those circumstances include: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

*Bernard v. FCC Coleman Warden*, 686 F. App'x 730, 730-31 (11th Cir. 2017) (*citing McCarthan*, 851 F.3d at 1085-93).

Petitioner does not satisfy the *McCarthan* test for proceeding under the saving clause. Petitioner's jurisdictional claim could be raised in a motion to vacate, and he has raised such a claim in a § 2255 motion currently pending in the New Jersey District Court. *See Moleski v. United States*, No. 3:16cv08511-FLW, Doc. 1 (D.N.J); 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground . . . that the court was without jurisdiction to impose such sentence . . . may move the

court which imposed the sentence to vacate, set aside or correct the sentence."). Petitioner's assertion that the judge handling the motion is obstructing justice, denying petitioner due process, and refusing to hold a hearing is not sufficient to show the motion is inadequate or ineffective under Eleventh Circuit precedent. (Doc. 1, p. 3); *McCarthan*, 851 F.3d at 1089 ("When a prisoner's motion attacks his sentence based on a cognizable claim that can be brought in the correct venue, the remedy by motion is adequate and effective to test his claim."). Petitioner's failure to satisfy the saving clause requires dismissal of this case.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (docs. 1, 2) be DISMISSED for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under § 2241.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 5th day of June, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:16cv425-MCR-CJK